ERIC T. AND ANN R. MUNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ERIC T. MUNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Munson v. Commissioner
Docket Nos. 1526-90, 13909-90
United States Tax Court
T.C. Memo 1991-377; 1991 Tax Ct. Memo LEXIS 442; 62 T.C.M. (CCH) 413; T.C.M. (RIA) 91377; August 12, 1991, Filed *442 Orders granting respondent's motions for partial summary judgment will be issued. Eric T. Munson and Ann R. Munson, pro se. Steven M. Roth, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION Respondent has moved for partial summary judgment in these cases with respect to (1) the additions to tax for fraud under section 6653(b); [1] and (2) the question of whether the period for assessment had expired for the 1979 taxable year. The motions were filed May 20 and 23, 1991, and by an order dated May 23, 1991, petitioners were allowed until June 24, 1991, to respond or object. No response or objection was received from petitioners. We find that summary judgment is appropriate in the setting of this case. See Rule 121. The burden of proof is on respondent with respect to the additions to tax under section *443 6653(b). Sec. 7454(a); Rule 142(b). If respondent carries his burden of proof regarding fraud, then the tax may be assessed at any time. Sec. 6501(c)(1). Respondent, in a notice of deficiency dated October 18, 1989, determined deficiencies in income tax and additions to tax, including additions under section 6653(b) against petitioners for their 1980 and 1981 taxable years, and under section 6653(b)(1) and (2) for the 1982 taxable year. Respondent also determined, in a notice of deficiency dated April 19, 1990, a deficiency in income tax and an addition to tax under section 6653(b) against petitioner Eric T. Munson for his 1979 taxable year. Petitioners filed petitions alleging that both notices of deficiency were in error and that the period for assessment had expired with respect to the 1979 taxable year. Thereafter, respondent filed answers to each petition and made therein various affirmative allegations in support of his determination that the additions to tax for fraud were applicable. Respondent also alleged that petitioner Eric T. Munson's conviction pursuant to a plea of guilty under section 7206(1) collaterally estops his denial of overstated deductions and omissions *444 of gross income for his 1981 and 1982 taxable years. Finally, respondent alleged that petitioners' tax returns filed for the years 1979 through 1982 were fraudulent. Thus, according to respondent, the period for assessment was open at the time of the mailing of the notices of deficiency. Respondent also affirmatively alleged that an increased income tax deficiency of $ 210.00 and additions to tax under section 6653(b) of $ 105.00 are due from petitioners for their 1980 taxable year. No replies to respondent's affirmative allegations, as required under Rule 37, were filed. Respondent moved, pursuant to Rule 37(c), that the undenied affirmative allegations of his answer be deemed admitted. Respondent's motions were granted. Based upon the allegations that were deemed admitted, various facts concerning petitioners may be found in support of respondent's present motions for summary judgment. Petitioner Eric T. Munson (Mr. Munson) graduated from Alaska Methodist University in June of 1974, where he majored in accounting and obtained a bachelor of science degree in business administration. Mr. Munson also attended law school for 1 year and worked as a controller, financial manager, *445 and international finance officer for the Church of Scientology during 1974, 1975, and 1976. During 1976, Mr. Munson worked for an insurance company. From 1976 through 1978 he worked as an accountant for the city of Tampa, Florida. During 1978 and 1979, Mr. Munson was a sales representative and eventually a sales manager for an insurance company. He also worked for a different insurance company during 1980, and on October 20, 1980, began working as a "grants analyst" for the city of Portland, Oregon, resigning that position on August 1, 1984. Petitioner Ann R. Munson (Mrs. Munson) received a fine arts degree from the University of Oregon in 1977 and was employed as an employment counselor until 1979. During 1979, she attended the Insurance School of Oregon, after which she obtained an insurance agent's license. Mrs. Munson then worked as an insurance sales representative until early 1980. She returned to employment counseling and remained as such until November 1981. Thereafter, she was employed by John Hancock Mutual Life Insurance Company until the end of 1982. Mrs. Munson's responsibilities included analyzing and approving or denying standard accident and health medical *446 claims for group policyholders. She also authorized claim payments and prepared letters of denial. She was responsible for annual claims of about $ 750,000 to $ 1,000,000. Mr. Munson prepared the 1979, 1980, 1981, and 1982 income tax returns, and Mrs. Munson hand-copied the 1982 return before it was filed. On their 1979 through 1982 returns petitioners claimed credits for child and dependent care expenses with the intent to evade tax. Specifically, petitioners claimed deductions and credits for Mr. Munson's son from another marriage. In fact, however, that son generally did not reside with petitioners and no expenses were paid for the child care purposes claimed. During 1982, petitioner claimed to have paid Margaret Hill $ 3,773 for the care of Mr. Munson's son of his prior marriage, as well as for petitioners' infant son, born July 18, 1982. Margaret Hill did not care for the former child, but did actually receive $ 1,100 for the care of petitioners' infant son during 1982. Petitioners made similarly false claims for child care expenses on their Oregon State returns and were audited by the State concerning their 1980 and 1981 taxable years. During that audit, petitioners *447 made false statements to the State auditor. Mr. Munson claimed head of household status for 1979 and claimed that the son from his former marriage resided with him. That statement was not true. For the years 1979, 1980, 1981, and 1982, petitioners inflated their claims for medical insurance and doctor and hospital bills. For their 1980, 1981, and 1982 taxable years, petitioners claimed inflated amounts for real estate taxes, home mortgage interest, and State income taxes. State income taxes were also inflated for 1979. Each of these overstated deductions were relatively large. Petitioners failed to report their State income tax refunds on their 1980 through 1982 returns. Mr. Munson failed to report $ 9,099 in insurance commissions for 1980. Petitioners failed to report $ 175.71 in interest income in 1982 and potential gains from the transfer of real property during 1981. Mr. Munson was indicted and pled guilty to knowingly and willfully making and subscribing 1981 and 1982 Federal income tax returns with deductions he did not believe to be true and correct. The following deductions were specifically referenced in the indictment to which Mr. Munson pled guilty: Amounts Claimed Deduction
1981
1982
Child care credit
$ 394
$ 754
Medical and dental expenses
1,858
4,993
Interest expense
10,000
8,208
Real estate taxes
1,800
630
State and local taxes
1,866
1,410
Land interest expense
1,500
--
Short-term capital loss
--
6,551
Long-term capital loss
--
8,560
*448 The indictment also referenced the failure to report income in the total amounts of $ 1,136.00 and $ 1,925.71 for 1981 and 1982, respectively. Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . Respondent is permitted to carry his burden by means of the affirmative allegations in his answer that have been deemed admitted under Rule 37(c). . Direct evidence of fraud is not always available and we may draw reasonable inferences from the record as a whole. Ultimately, we must decide whether petitioners intended to evade tax that they knew or believed to be owing. . Petitioners in this case were college educated and both had professional business experience prior to the pertinent taxable years. Mr. Munson had an accounting background and had attended 1 year of law school. Additionally, he had professional accounting experience. Based upon respondent's allegations *449 and considering Mr. Munson's plea of guilty with respect to the 1981 and 1982 taxable years, we find that petitioners' returns were fraudulent within the meaning of section 6653(b) for each of the taxable years under consideration. In reaching our holding we considered, among other items, the fact that the overstated deductions were relatively large and consistent. Petitioners, had they responded, would not have been able to claim mere negligence or mistake in the setting of this case. In some instances the deductions claimed were more than 50 times greater than the amount petitioners were entitled to. Additionally, the pattern of overstated deductions was consistent over a period of 4 years. In addition to overstating deductions, petitioners fabricated both the amounts and the factual basis for their deductions. Finally, petitioners failed to report taxable income in some or all of the taxable years under consideration. Having found that each of the returns filed for the years under consideration were fraudulent, it follows that the period for assessment is open for petitioners' 1979 taxable year. Sec. 6501(c). Additionally, petitioners are liable for the increased income *450 tax and an increased addition to tax under section 6653(b) for their 1980 taxable year, as asserted in respondent's answer. To reflect the foregoing, Orders granting respondent's motions for partial summary judgment will be issued.
Footnotes
1. Section references are to the Internal Revenue Code of 1954 as amended and in effect for the years under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩